824 So.2d 245 (2002)
Katherine HARRIS, in her capacity as Secretary of State and as head of the Department of State; and State of Florida, Department of State, Appellants,
v.
COALITION TO REDUCE CLASS SIZE and Pre-K Committee (Parents for Readiness Education For Our Kids) (PAC), Appellees.
No. 1D02-2939.
District Court of Appeal of Florida, First District.
July 26, 2002.
*246 Deborah K. Kearney, General Counsel; Gerard T. York, Assistant General Counsel, Florida Department of State, for Appellants.
Mark Herron and Thomas M. Findley of Messer, Caparello & Self, P.A., Tallahassee, for Appellees.

ON SUGGESTION FOR CERTIFICATION TO THE SUPREME COURT
WEBSTER, J.
Appellants seek review of a temporary injunction enjoining them "from placing on the ballot as directed by Chapter 2002-390, Laws of Florida, an analysis and fiscal impact statement for any initiative approved by the Florida Supreme Court for the general election ballot for November 2002." We have jurisdiction. Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.130(a)(3)(B). Appellants have filed a suggestion, in which appellees concur, requesting that we certify this appeal as one requiring immediate resolution by the supreme court, pursuant to Florida Rule of Appellate Procedure 9.125. For the reasons that follow, we agree that this appeal presents issues which are of great public importance and require immediate resolution by the supreme court. Accordingly, we grant the suggestion, and certify the appeal to the supreme court.
Our constitution permits review by the supreme court of "any order or judgment of a trial court certified by the district court of appeal in which an appeal is pending to be of great public importance, or to have a great effect on the proper administration of justice throughout the state, and certified to require immediate resolution by the supreme court." Art. V, § 3(b)(5), Fla. Const. Such jurisdiction is discretionary. Id. The applicable procedural mechanism is found in Florida Rule of Appellate Procedure 9.125.
It seems to us from a reading of the language of the constitution and the rule that our responsibility in such appeals is relatively clear. We are to determine whether (1) the order or judgment is appealable; (2) the issues raised "are of great public importance" or are likely to "have a great effect on the proper administration *247 of justice throughout the state"; and (3) circumstances exist which require that the supreme court immediately resolve the issues, rather than permitting the normal appellate process to run its course. Once we have concluded that those conditions are met, it seems to us of little value to engage in the additional effort of attempting to predict whether the supreme court will, in fact, choose to exercise its discretionary jurisdiction. Accordingly, we shall proceed to determine whether this appeal satisfies those conditions.
In its injunction, the trial court holds unconstitutional that portion of chapter 2002-390, Laws of Florida, which requires the Department of State to include for all proposed revisions or amendments to the state constitution by initiative on the November 2002 general election ballot "an analysis and fiscal impact statement" prepared by the Revenue Estimating Conference, estimating the "increase or decrease in any revenues or costs to state or local governments resulting from [adoption of] the proposed initiative." According to the trial court, that provision is facially unconstitutional because it violates article XI, sections 3 and 5, of the Florida Constitution relating to the initiative process; and unconstitutional as applied to those, like appellees, who have already had their proposals approved for placement on the ballot by the supreme court, because it abrogates vested rights in violation of the due process clauses of the state and federal constitutions. As a result, the injunction enjoins appellants "from placing on the ballot as directed by Chapter 2002-390, Laws of Florida, an analysis and fiscal impact statement for any initiative approved by the Florida Supreme Court for the general election ballot for November 2002."
As we have already noted, the injunction is an appealable non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). If allowed to stand, the trial court's order will thwart the legislature's intent to inform the electorate of the fiscal impact of revisions or amendments to the state constitution proposed by initiative. The result will, at least arguably, be a less informed electorate. Because of this, we conclude that the issues raised by this appeal "are of great public importance" to the people of this state. Section 101.62(4)(a), Florida Statutes (2001), requires supervisors of elections to mail advance absentee ballots to those requesting them at least 45 days before the general election. As the general election this year will be on November 5, this will require that such ballots be printed and mailed no later than September 21. The issues raised by this appeal must be finally resolved before that date. Accordingly, we conclude that the time constraints created by the state elections laws require that the supreme court immediately resolve those issues, rather than permitting the normal appellate process to run its course.
Based on the foregoing analysis, we conclude, further, that this appeal is appropriate for certification to the supreme court, pursuant to Florida Rule of Appellate Procedure 9.125, as one requiring its immediate resolution. In reaching this conclusion, we are not unaware of the fact that the supreme court has very recently returned an appeal so certified to the Fourth District Court of Appeal.
In Florida Department of Agriculture & Consumer Services v. Haire, 27 Fla. L. Weekly D1583, ___ So.2d ___, 2002 WL 1465712 (Fla. 4th DCA July 9, 2002), the Fourth District certified an appeal from a trial court order temporarily enjoining the Department of Agriculture's citrus canker eradication program on the ground that *248 certain 2002 amendments to the statutes pursuant to which the program was being carried out were unconstitutional. The supreme court's order declining to exercise its jurisdiction is very short, and offers little insight. In its entirety, it reads, "It appearing that the underlying litigation has been ongoing, and is still pending in the trial court, and that any emergency matters can be appropriately handled by the District Court of Appeal, this Court declines to accept jurisdiction." Fla. Dep't of Agric. & Consumer Servs. v. Haire, 824 So.2d 167 (Fla. 2002). Justice Pariente wrote a concurring opinion, in which Justice Lewis joined.
As we have previously stated, we are of the opinion that our responsibility in such appeals is relatively clear. We are to determine whether (1) the order or judgment is appealable; (2) the issues raised "are of great public importance" or are likely to "have a great effect on the proper administration of justice throughout the state"; and (3) circumstances exist which require that the supreme court immediately resolve the issues, rather than permitting the normal appellate process to run its course. We do not believe that our responsibility extends, in addition, to attempting to predict whether the supreme court will choose to exercise its discretionary jurisdiction. Having said that, we shall, however, address briefly why we believe this case is distinguishable from Haire.
Apparently, the Haire litigation had been ongoing for over two years, and many issues remained for decision by the trial court. 27 Fla. L. Weekly at S683, ___ So.2d at ___, 2002 WL 1481388 (Pariente, J., concurring). Such is not the case here. Although a temporary injunction in name, it is relatively clear that the trial court's work is essentially at an end. It has declared the challenged portions of chapter 2002-390 unconstitutional based upon clearly articulated legal reasoning. It does not appear that there will be any further substantive litigation in the trial court. Moreover, while we are confident regarding our ability to address the legal issues raised and resolve them, were we to do so precious little time would remain for review in the supreme court. As it is apparent that the issues raised must ultimately be resolved by that body, it seems to us that it should have as much time as reasonably possible so that it might proceed in a relatively orderly manner.
For the foregoing reasons, we certify this appeal to the supreme court, pursuant to Florida Rule of Appellate Procedure 9.125, as one presenting issues of great public importance, and involving circumstances which require that the supreme court immediately resolve the issues, rather than permitting the normal appellate process to run its course.
BENTON and VAN NORTWICK, JJ., concur.