This matter is before the Court on the emergency petition filed by the Criminal Procedure Rules Committee of The Florida Bar to amend Florida Rule of Criminal Procedure 3.853, entitled “Motion for Post-conviction DNA Testing,” a matter within the exclusive rulemaking jurisdiction of this Court. See art. V, § 2(a), Fla. Const. (“The supreme court shall adopt rules for the practice and procedure in all courts.... ”). This matter is also before the Court on the emergency petition filed by petitioners to invoke this Court’s mandamus and all writs jurisdiction, matters within this Court’s original writ jurisdiction. See art. V, § 3(b)(7)-(8), Fla. Const. (“The supreme court: ... May issue ... all writs necessary to the complete exercise of its jurisdiction ... [and][m]ay issue writs of mandamus.... ”). See also Allen v. Butterworth, 756 So.2d 52, 55 (Fla.2000).
Because both petitions relate to the same subject matter, the Court has consolidated both cases for consideration. Also, because of the urgency of these matters, the Court expedites oral argument and sets oral argument in these consolidated cases for 8:30 a.m., Friday, November 7, 2003. A maximum of twenty (20) minutes to the side, as consolidated, is allowed for the argument.
To allow this Court an opportunity to fully consider the petitions, the deadline of October 1, 2003, set forth in rule 3.853(d)(1)(A), is hereby suspended until further order of this Court. Further, as petitioners point out, operation of the same deadline in section 925.11(l)(b)l., Florida Statutes (2002), may result in the non-preservation of physical evidence for DNA testing under section 925.11(4)(b). Because such a result would render these proceedings moot and in effect preclude this Court, should it determine it has jurisdiction, from the “complete exercise” thereof, the deadline in section 925.11(l)(b)l. is hereby held in abeyance while this Court considers its jurisdiction and other matters before it. See art. V, § 3(b)(7), Fla. Const. By our actions herein, we express no opinion on the merits of the underlying petitions. Accordingly, by operation of the terms of the statute, the evidence described in section 925.11(4)(a) “shall be maintained for at least the period of time” controlled by the abeyance. No other provision of the rule or statute is affected by this order.
The Court seeks comments in case number SC03-1630 from any and all interested parties regarding the proposed petition including, but not limited to, the following entities:
(1) The Attorney General
(2) The Solicitor General
(3) Criminal Court Steering Committee
(4) The Florida Department of Law Enforcement
(5) Capital Collateral Regional Counsel — Middle District
(6) Capital Collateral Regional Counsel — Southern District
(7) Florida Prosecuting Attorneys Association
(8) Florida Public Defender Association, Inc.
*191 The Court requests that comments from the aforementioned entities be filed no later than October 17, 2003. The chair of the Criminal Procedure Rules Committee shall file a response to all comments no later than October 29, 2003. An original and nine (9) copies of all comments and the response must be filed with the Court with a certificate of service verifying that a copy has been served on the committee chair, Circuit Judge Olin Wilson Shinhol-ser, P.O. Box 9000, Drawer J118, Bartow, Florida, 33831-9000, and the proponent of the rule change, Ivy R. Ginsberg, 1 NE 2nd Ave., Ste. 200, Miami, Florida, 33132-2507, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument. All comments must be filed in paper format and in WordPerfect 5.1 (or higher) format on a DOS formatted 3-J/¿ inch diskette.
Each of the aforementioned entities is invited to participate in oral argument. The allocation of the time shall be agreed upon and shared by any interested parties. The parties shall notify the Clerk of Court no later than November 5, 2003, how the time is to be divided. The parties should review the Notice of Setting Oral Argument for details and instructions.
ANSTEAD, C.J., and PARIENTE, LEWIS and QUINCE, JJ., concur.
LEWIS, J., concurs specially with an opinion, in which, ANSTEAD, C.J., and PARIENTE, and QUINCE, JJ., concur.
WELLS, J., dissents with an opinion, in which, CANTERO and BELL, JJ., concur.