CERTIFICATION OF APPEAL AS REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT OF FLORIDA
PER CURIAM.
House Joint Resolution 1, 2004, was passed by the requisite supermajority of both houses of the Florida Legislature. It calls for consideration by the electorate in the upcoming general election of a proposed amendment to the Constitution of Florida which would create Article X,- section 22:
Section 22. Parental notice of termination of a minor’s pregnancy. — The legislature shall not limit or deny the privacy right guaranteed to a minor under the United States Constitution as interpreted by the United States Supreme Court. Notwithstanding a minor’s right of privacy provided in Section 23 of Article I, the Legislature is authorized to require by general law for notification to a parent or guardian of a minor before the termination of the minor’s pregnancy. The Legislature shall provide exception to such requirement for notification and shall create a process for judicial waiver óf the notification.
Plaintiffs American Civil Liberties Union of Florida, Inc., Jeanne Baker, • and others filed a complaint in the Circuit Court for Leon County which sought declaratory and injunctive relief. According to plaintiffs, the ballot title and summary did not adequately communicate the effect of the proposed amendment,. The circuit court did not agree and dismissed the complaint with prejudice. Plaintiffs appeal.
The circuit court has issued a final order which would ordinarily be reviewable by direct appeal to this court. See Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.030(b)(1)(A). However, appellants suggest that this appeal should be certified as requiring immediate resolution by the Supreme Court of Florida, in accordance with Article V, section 3(b)(5) of our state constitution, and we have considered appel-lees’ response as authorized by Florida Rule of Appellate Procedure 9.125(d).
*666 Our responsibility in this circumstance is to determine whether an appeal-able order has been issued, whether the issues presented in the appeal are of great public importance or are likely to have a great effect on the proper administration of justice throughout the state and whether “circumstances exist which require that the supreme court immediately resolve the issues, rather than permitting the normal appellate process to run its course.” Harris v. Coalition to Reduce Class Size, 824 So.2d 245, 246-47 (Fla. 1st DCA 2002).
As stated above, the circuit court has rendered a final, appealable order. On two prior occasions, the Florida Legislature enacted legislation on this subject and both were found to unconstitutionally interfere with a minor’s right to privacy. North Florida Women’s Health and Counseling Services, Inc. v. State, 866 So.2d 612 (Fla.2003); In re T.W., 551 So.2d 1186 (Fla.1989). The apparent intent of the proposed constitutional amendment is to remove this barrier to the legislature’s authority to require parental notification when a minor seeks termination of a pregnancy. In light of the long and contentious history of this issue in Florida and the widespread social impact of parental notification legislation, we must conclude that the instant litigation presents a question of great public importance which should be decided by this state’s highest court.
Finally, as to the need for immediate resolution, the general election will be held on November 2, 2004, and therefore absentee ballots must be printed and mailed no later than September 17, 2004, in accordance with section 110.62(4)(a), Florida Statutes. There is insufficient time for this court to provide a first-tier review prior to the issues being heard by the Supreme Court of Florida.
We therefore hereby certify that the issues pending in this case are of great public importance requiring immediate resolution by the Supreme Court of Florida.
WOLF, C.J., KAHN and WEBSTER, JJ., concur.