PER CURIAM.
The Florida Bar Criminal Procedure Rules Committee has filed an emergency petition to amend Florida Rule of Criminal Procedure 3.853, Motion for Postconviction DNA Testing. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(e).
BACKGROUND
The history of rule 3.853 is succinctly set forth as follows in Amendment to Florida Rules of Criminal Procedure Creating Rule S.853 (DNA Testing), 807 So.2d 633, 633-34 (Fla.2001) (hereinafter cited as Amendment):
In February 2001, the Criminal Rules Committee filed an emergency petition asking this Court to adopt new rule 3.853 providing for postconviction DNA testing. During the 2001 regular session, and after the Criminal Rules Committee filed its original petition, the Legislature passed DNA legislation, which, among other things, provides for post-sentencing DNA testing. See Fla. CS for CS for SB 366 (2001), ch.2001-97, Laws of Fla. (creating §§ 925.11 and 943.3241 and amending § 943.325, Fla. Stat.). After considering the proposed rule, which varied from the new legislation in several respects, and hearing argument, the Court returned the matter to the Criminal Rules Committee for expedited reconsideration in light of the new legislation. Amendment to Florida Rules of Criminal Procedure Creating Rule 3.853 (DNA testing), No. SC01-363 (unpublished order) (Fla. June 6, 2001).
In Amendment, the Court adopted new rule 3.853 which, among other things, provided the following timeline for filing a postconvietion motion seeking DNA testing:
*935 The motion for postconviction DNA testing must be filed:
(A) Within 2 years following the date that the judgment and sentence in the case became final if no direct appeal was taken; within 2 years following the date the conviction was affirmed on direct appeal if an appeal was taken; within 2 years following the date collateral counsel was appointed or retained subsequent to the conviction being affirmed on direct appeal in a capital case in which the death penalty was imposed; or by October 1, 2003, whichever occurs later....
Fla. R.Crim. P. 3.853(d)(1)(A).[1]
In the instant petition, the committee proposed extending the October 1, 2003, deadline set forth in rule 3.853 until October 1, 2004. Subsequently, an emergency writ petition was filed raising constitutional challenges to the October 1, 2003, statutory deadline set forth in section 925.11, Florida Statutes (2003), in addition to other provisions of the statute. See Amendments to Florida Rule of Criminal Procedure 8.853(d)(1)(A) (Postconviction DNA Testing), 857 So.2d 190 (Fla.2003). The Court consolidated the cases for oral argument and invited comments in the rules case. See id. The committee’s proposal was also published in the October 15, 2003, edition of The Florida Bar News. Several comments were received, to which the committee responded.
On May 20, 2004, Governor Jeb Bush signed into law legislation that extended the DNA testing deadline set forth in section 925.11, Florida Statutes, as follows:
(b) Except as provided in subpara-graph 2., a petition for postsentencing DNA testing may be filed or considered:
1. Within 4 2 years following the date that the judgment and sentence in the case becomes final if no direct appeal is taken, within 4 2 years following the date that the conviction is affirmed on direct appeal if an appeal is taken, within 4 2 years following the date that collateral counsel is appointed or retained subsequent to the conviction being affirmed on direct appeal in a capital case, or by October 1, 2005 2003, whichever occurs later; or
2. At any time if the facts on which the petition is predicated were unknown to the petitioner or the petitioner’s attorney and could not have been ascertained by the exercise of due diligence.
Ch. 2004-67, § 1, Laws of Fla. The effective date of the legislation operated retroactively to October 1, 2003. See Ch. 2004-67, § 2, Laws of Fla.
ANALYSIS
After considering the comments filed with the Court and presented at oral argument and reviewing the recently enacted legislation, we amend rule 3.853(d)(1)(A) to extend the deadline from October 1, 2003, to October 1, 2005. Further, to make the rule consistent with section 925.11, Florida Statutes, we amend rule 3.853(d)(1)(A) to increase the amount of time for a defendant who is not subject to the October 1, 2005, deadline to petition for postsentenc-ing DNA testing from two to four years.
Accordingly, we amend Florida Rule of Criminal Procedure 3.853 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. We thank the committee, those individuals who filed comments with this Court, and all who participated in oral argument. *936 The amendments shall become effective immediately.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 3.853. MOTION FOR POST-CONVICTION DNA TESTING
(a) Purpose. This rule provides procedures for obtaining DNA (deoxyribonucleic acid) testing under section 925.11, Florida Statutes.
(b) Contents of Motion. The motion for postconviction DNA testing must be under oath and must include the following:
(1) a statement of the facts relied on in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;
(2) a statement that the evidence was not tested previously for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result;
(3) a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime;
(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received;
(5) a statement of any other facts relevant to the motion; and
(6) a certificate that a copy of the motion has been served on the prosecuting authority.
(c)Procedure.
(1) On receipt of the motion, the clerk of the court shall file it and deliver the court file to the assigned judge.
(2) The court shall review the motion and deny it if it is insufficient. If the motion is sufficient, the prosecuting authority shall be ordered to respond to the motion within 30 days or such other time as may be ordered by the court.
(3) On receipt of the response of the prosecuting authority, the court shall review the response and enter an order on the merits of the motion or set the motion for hearing.
(4) In the event that the motion shall proceed to a hearing, the court may appoint counsel to assist the movant if the court determines that assistance of counsel is necessary and on making the appropriate finding of indigence.
(5) The court shall make the following findings when ruling on the motion:
(A) Whether it has been shown that physical evidence that may contain DNA still exists.
(B) Whether the results of DNA testing of that physical evidence likely would be admissible at trial and whether there exists reliable proof to establish that the evidence containing the tested DNA is authentic and would be admissible at a future hearing.
(C) Whether there is a reasonable probability that the movant would have been acquitted or would have received a *937 lesser sentence if the DNA evidence had been admitted at trial.
(6) If the court orders DNA testing of the physical evidence, the cost of the testing may be assessed against the movant, unless the movant is indigent. If the mov-ant is indigent, the state shall bear the cost of the DNA testing ordered by the court.
(7) The court-ordered DNA testing shall be ordered to be conducted by the Department of Law Enforcement or its designee, as provided by statute. However, the court, on a showing of good cause, may order testing by another laboratory or agency certified by the American Society of Crime Laboratory Directors or the National Forensic Science Training Center when requested by a movant who can bear the cost of such testing.
(8) The results of the DNA testing ordered by the court shall be provided in writing to the court, the movant, and the prosecuting authority.
(d)Time Limitations.
(1) The motion for postconviction DNA testing must be filed:
(A) Within 24 years following the date that the judgment and sentence in the ease became final if no direct appeal was taken; within 24 years following the date the conviction was affirmed on direct appeal if an appeal was taken; within 24 years following the date collateral counsel was appointed or retained subsequent to the conviction being affirmed on direct appeal in a capital case in which the death penalty was imposed; or by October 1, 20025, whichever occurs later; or
(B) At any time, if the facts on which the petition is predicated were unknown to the petitioner or the movant’s attorney and could not have been ascertained by the exercise of due diligence.
(2) A motion to vacate filed under rule 3.850 or a motion for postconviction or collateral relief filed under rule 3.851, which is based solely on the results of the court-ordered DNA testing obtained under this rule, shall be treated as raising a claim of newly-discovered evidence and the time periods set forth in rules 3.850 and 3.851 shall commence on the date that the written test results are provided to the court, the movant, and the prosecuting authority pursuant to subsection (c)(8).
(e) Rehearing. The movant may file a motion for rehearing of any order denying relief within 15 days after service of the order denying relief. The time for filing an appeal shall be tolled until an order on the motion for rehearing has been entered.
(f) Appeal. An appeal may be taken by any adversely affected party within 30 days from the date the order on the motion is rendered. All orders denying relief must include a statement that the movant has the right to appeal within 30 days after the order denying relief is rendered.

. The rule also provided an exception from the two-year time limit for newly discovered evidence. See Fla. R.Crim. P. 3.853(d)(1)(B).