ROTHENBERG, Judge.
The defendant, Ronald Clayton, appeals the denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We affirm.
The defendant was tried and convicted for the offenses of robbery and burglary of a conveyance. On April 16, 2002, the defendant’s convictions and sentences were affirmed on direct appeal.
On December 23, 2004, the defendant filed a motion for postconviction DNA testing. The defendant’s motion asserts, in part, that the victim of the smash and grab robbery told the police that the perpetrator was wearing a black shirt and black pants; that identification is disputed; that a black shirt and plastic bag were recovered from the scene, but were never sub *356 mitted for DNA testing; that DNA testing would reveal that the blood on the plastic bag and black shirt is not his blood; and that this evidence would demonstrate that he was not the perpetrator of either the robbery or burglary.
The trial court denied the defendant’s motion finding that it was untimely filed. The trial court also found that, even if the motion had been timely filed, it was legally insufficient because the motion does not state how the DNA testing would exonerate the defendant, as required by Rule 3.853(b)(8).
The State concedes that the defendant’s motion for postconviction DNA testing was timely filed. See Amendments to Florida Rule of Criminal Procedure 8.853(d)(1)(A) (Postconviction DNA Testing), 884 So.2d 934 (Fla.2004). The State, however, argues that the trial court correctly found that the motion was legally insufficient because the motion fails to allege how the DNA testing would exonerate him of the crimes for which he was convicted, as required by Rule 3.853(b)(3). We agree.
First, we note that there is no reason to believe that there is any blood on the items the defendant wishes be tested. The State never claimed that these items contained blood and the defendant’s position at trial (which is contrary to his position herein) was that there was no blood on these items. The defendant’s attorney argued at trial:
If the person was wearing a black shirt and the person broke a window and shattered glass, the black shirt, it is in evidence, you will be able to see it, the black shirt would have some blood on it. Well, you’re going to have an opportunity to look at the shirt, and look carefully, you’re not going to see anything. We don’t know — there is a lot of bleach stains or whatever, but it doesn’t look like blood on the shirt. And take it in the jury room and look at it. That is what would have blood on it if this individual was wearing that shirt. That is the clothing that would have blood on it. And I submit to you once you look at it, you’re not going to see it. Obviously, if it was there, the State would have presented it to you, but nothing went to the lab to be analyzed for blood.
The State’s response reflects that the defendant was convicted of a smash and grab robbery upon an occupant of a vehicle. Both the victim of the robbery and the second occupant of the vehicle positively identified the defendant as the assailant. The original BOLO indicated that the perpetrator was wearing a black or grey shirt. The defendant was observed by the police, dressed in a white T-shirt, attempting to throw a bag over a fence. The defendant was stopped and the bag (which had gotten caught on the fence) was recovered and found to contain a black shirt and the victim’s purse. The defendant was observed to have a small cut on his finger and what appeared to be blood on his white T-shirt. The defendant argued that he could not be the perpetrator as the perpetrator was wearing a black shirt and he was wearing a white T-shirt, and that if he had committed the robbery, there would be blood on the black shirt and there was no blood on the shirt.
We agree with the trial court, that the defendant’s motion for DNA testing is legally insufficient. He does not claim that anyone’s blood is on the items he requests be tested, he does not state what he believes DNA testing would reveal, or how the expected results would exonerate him. There does not appear to have been a dispute at trial that the defendant’s blood was not on the shirt. Thus, it is difficult to imagine how the testing of these items would exonerate the defendant. We affirm the order denying the defendant’s *357 request for postconvietion DNA testing on the basis that the defendant’s motion was legally insufficient pursuant to Rule 3.853(b)(3).
Affirmed.