938 So.2d 977 (2006)
IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.853(d).
No. SC05-1702.
Supreme Court of Florida.
September 21, 2006.
William C. Vose, Chair, Florida Bar Criminal Procedure Rules Committee, Orlando, Florida, George E. Tragos, Past Chair, Clearwater, Florida; John F. Harkness, Jr., Executive Director, and J. Craig Shaw, Bar Liaison, The Florida Bar, Tallahassee, Florida, for Petitioner.
Benjamin H. Hill, III, of Hill, Ward and Henderson, P.A., Tampa, Florida, on behalf of the Florida State Committee of the American College of Trial Lawyers; Jennifer L. Greenberg, Tallahassee, Florida, Talbot D'Alemberte, Florida State University School of Law, Tallahassee, Florida, and John R. Blue, Sylvia H. Walbolt, Nancy H. Henry, and Christopher J. Kaiser of Carlton Fields, P.A., Tampa, Florida, on behalf of the Florida Innocence Initiative, Inc.; Michael Ufferman, Tallahassee, Florida, and Paula S. Saunders, Office of the Public Defender, Tallahassee, Florida, on behalf of the Florida Association of Criminal Defense Lawyers; and Kris Edward Helton, Avon Park, Florida, Responding with comments.
PER CURIAM.
The Criminal Procedure Rules Committee (Committee) has filed in this Court an emergency recommendation and report to amend Florida Rule of Criminal Procedure 3.853, which governs motions for postconviction DNA testing We have jurisdiction. See art. V, § 2(a), Fla. Const.
The history of rule 3.853 is set forth in the Court's prior opinions. See Amendments to Fla. Rule Crim. Pro. 3.853(d)(1)(A), 884 So. 2d 934 (Fla. 2004); Amendments to Fla. Rule Crim. Pro. 3.853(d)(1)(A), 857 So. 2d 190 (Fla. 2003); Amendment to Fla. Rule Crim. Pro. 3.853, 807 So. 2d 633, 634 (Fla. 2001). Subdivision (d) of rule 3.853 sets forth a deadline for filing certain motions for postconviction DNA testing, and that deadline, which originally was October 1, 2003, was later extended to October 1, 2005. See Amendments to Fla. Rule Crim. Pro. 3.853(d)(1)(A), 884 So. 2d 934 (Fla. 2004). Prior to expiration of the October 1, 2005, deadline, the Committee filed in this Court the present emergency recommendation and report. The Committee's proposed amendments would eliminate the deadline altogether.
In order to give the Court sufficient time to consider the Committee's report and to seek and consider comments concerning the proposed amendments, the Court, on September 29, 2005, issued an order amending rule 3.853(d)(1) on an interim basis, extending the deadline to July 1, 2006. The Committee's proposed amendments were published for comment in the October 15, 2005, edition of The Florida Bar News, and comments from interested persons were invited.[1] Because the Legislature was considering this matter, the Court held this case in abeyance pending legislative action.
The Legislature has since enacted chapter 2006-292, Laws of Florida (the Act), which became effective June 23, 2006, and applies retroactively to October 1, 2005. The Act amends chapter 925, Florida Statutes (2006), and among other things, removes the deadline for filing postconviction DNA motions. Further, the Act repeals rule 3.853 to the extent it is inconsistent with the Act. In light of the fact that the Committee's proposed amendments are consistent with the Act, we adopt the amendments as set forth in the attached appendix. Deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

APPENDIX
RULE 3.853. MOTION FOR POSTCONVICTION DNA TESTING
(a)  (c) [No Change]
(d) Time Limitations.
(1) The motion for postconviction DNA testing must be filed:
(A) Within 4 years following the date that the judgment and sentence in the case became final if no direct appeal was taken; within 4 years following the date the conviction was affirmed on direct appeal if an appeal was taken; within 4 years following the date collateral counsel was appointed or retained subsequent to the conviction being affirmed on direct appeal in a capital case in which the death penalty was imposed; or by July 1, 2006, whichever occurs later; or
(B) At any time, if the facts on which the petition is predicated were unknown to the petitioner or the movant's attorney and could not have been ascertained by the exercise of due diligence.
(2) A motion to vacate filed under rule 3.850 or a motion for postconviction or collateral relief filed under rule 3.851, which is based solely on the results of the court-ordered DNA testing obtained under this rule, shall be treated as raising a claim of newly-discovered evidence and the time periods set forth in rules 3.850 and 3.851 shall commence on the date that the written test results are provided to the court, the movant, and the prosecuting authority pursuant to subsectiondivision (c)(8).
(e)  (f) [No Change]
NOTES
[1] Comments have been filed by three entities: the Florida Association of Criminal Defense Lawyers, the Florida Innocence Initiative, Inc., and a prison inmate. The comments all support the amendments.