LAWSON, J.
Richard Alfred Tasker appeals from the summary denial of his motion for postcon-vietion DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. The trial court denied Tasker’s motion as untimely, and therefore did not address the merits of the motion. We find that Tasker’s motion was timely filed, reverse the order of summary denial, and remand *1239 with instructions that the trial court consider the merits of Tasker’s motion.
The version of rule 3.853 under which Tasker filed his motion required, in relevant part, that a defendant’s motion for postconviction DNA testing be filed “within 4 years following the date the conviction was affirmed on direct appeal ... or by October 1, 2005, whichever occurs later.” Tasker’s 1987 convictions for burglary of a dwelling, sexual battery, and attempted robbery were affirmed by this court on November 3, 1987. See Tasker v. State, 515 So.2d 756 (Fla. 5th DCA 1987) (table). Under the “mailbox rule,” [1] his postconviction motion for DNA testing was filed on September 27, 2005. In denying Tasker’s motion, the trial court appears to have focused only on the 4-year deadline, overlooking the last clause of subsection (d)(1)(A), which allowed Tasker until October 1, 2005 to file his motion. However, the confusion could have just as easily (and, quite understandably) been caused by misapplication of the mailbox rule, or by the many amendments to the deadline set forth in rule 3.8S3.[2]
In any event, because Tasker’s motion was timely filed, and appears to be legally sufficient, we reverse the trial court’s order and remand with directions that the trial court consider Tasker’s motion on the merits.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.

. See Haag v. State, 591 So.2d 614 (Fla.1992).

. The original deadline was October 1, 2003. The deadline was then extended, in turn, to October 1, 2005; July 1, 2006; and, October 1, 2006. Under the most recent version of rule 3.853, the deadline for filing postconviction DNA motions has been removed altogether. See In re Amendments to Florida Rule of Criminal Procedure 3.853(d), 938 So.2d 977 (Fla.2006).