PER CURIAM.
The Court sua sponte amended Florida Rules of Criminal Procedure 3.170 and 3.172 on an emergency basis to ensure consistency between the rules and section 925.12, Florida Statutes (2006). See Amendments to Fla. Rules of Crim. Pro. 3.170 & 3.172, 938 So.2d 978 (Fla.2006). Because the amendments were not published for comment prior to adoption, the Court gave interested persons sixty days to file comments. Comments now have been filed. We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The history of the procedural rules governing DNA testing is set forth in the *514 Court’s prior opinions in this area.[1] Originally, subdivision (d) of Florida Rule of Criminal Procedure 3.853 set forth a deadline for filing certain motions for postcon-viction DNA testing, and that deadline, which was October 1, 2003, was later extended to October 1, 2005. Prior to expiration of the October 1, 2005, deadline, the Criminal Procedure Rules Committee (rules committee) filed in this Court an emergency report, which recommended eliminating the deadline altogether. In order to give the Court time to consider the report and to seek and consider comments, the Court on September 29, 2005, issued an order amending rule 3.853(d) on an interim basis, extending the deadline to July 1, 2006. Because the Legislature was considering the matter, the Court held the rules committee’s report in abeyance pending legislative action.
The Legislature ultimately enacted chapter 2006-292, Laws of Florida (the Act), which amended chapter 925, Florida Statutes (2006), in several respects, and the Court responded by amending the corresponding rules. First, the Act removed the deadline for filing postconviction DNA motions, and the Court responded by adopting the rules committee’s proposed amendment to rule 3.853(d). See Amendments to Fla. Rules of Crim. Pro. 3.853(d), 938 So.2d 977 (Fla.2006) (hereinafter Amendments I). And second, the Act provided that courts should inquire into the existence of DNA evidence before accepting a plea of guilty or nolo contendere to a felony, and the Court responded by sua sponte adopting emergency amendments to rules 3.170 and 3.172. See Amendments to Fla. Rules of Crim. Pro. 3.170 & 3.172, 938 So.2d 978 (Fla.2006) (hereinafter Amendments II). The emergency amendments to rules 3.170 and 3.172 were published for comment in the October 15, 2006, edition of The Florida Bar News, and comments have now been filed by several entities, including the rules committee.[2]
AMENDMENTS
The Court in Amendments II added subdivision (2) to rule 3.170(k), Responsibility of Court on Pleas, to provide that courts shall inquire into the existence of DNA evidence before accepting a plea of guilty or nolo contendere to a felony. The rules committee now points out that the Court’s emergency amendments to this rule are unnecessary in light of the committee’s proposed amendments to rule 3.172(d), which are discussed below. After considering the various comments,[3] we conclude that the committee’s proposed amendments to rule 3.172(d) render the prior emergency amendments to rule 3.170(k) redundant — there is no reason to include the same language in two separate places in the rules. Accordingly, we adopt the committee’s proposed amendments to rule 3.170(k), which have the effect of returning this rule to its original form.
Next, the Court in Amendments II amended rule 3.172(d), Inquiry Concerning DNA Evidence, to do the following: to *515 provide that courts shall inquire into the existence of DNA evidence before accepting a plea of guilty or nolo contendere to a felony, and to set forth a list of issues that the judge must inquire into during the plea proceeding. The committee now proposes that the Court adopt a revised version of this rule; the revised version is an amalgam of both sections 925.12(2) and 925.12(8), Florida Statutes (2006). With regard to the concern raised by Justice Anstead in Amendments II that courts should be required to make a DNA finding during the plea proceeding,[4] the committee is of the opinion that the detailed colloquy required by subdivision (d) will necessarily cause trial judges to reveal their findings and that no additional explanatory language is necessary in this regard.
FACDL agrees with the Court’s emergency amendments to this rule but also agrees with Justice Anstead’s position that the trial court should make a DNA finding during the plea proceeding. FPDA, on the other hand, disagrees with the Court’s emergency amendments for several reasons. FPDA contends as follows: (a) that the DNA inquiry is a matter that falls outside the Legislature’s purview, (b) that the rule places an undue burden on the defendant, and (c) that the DNA inquiry will result in the impermissible waiver of potentially meritorious postconviction claims. We conclude, however, that the matters raised by FPDA are matters that should be addressed in a proper case and controversy, not in this rules case. See In re Amendments to the Fla. Evidence Code, 825 So.2d 339, 341 (Fla.2002); In re Amendments to the Fla. Evidence Code, 782 So.2d 339, 341 (Fla.2000). Because the rules committee’s proposed amendments address the statutory requirements clearly and concisely, we adopt' the proposed amendments to this rule.
Finally, the Court in Amendments I adopted the rules committee’s proposed amendments to rule 3.853(d), Time Limitations, which eliminated the deadline for filing certain motions for postconviction DNA testing. The rules committee now proposes that the Court further amend the rule by deleting language that provides that certain motions for DNA testing “shall be treated as raising a claim of newly discovered evidence and the time periods set forth in rules 3.850 and 3.851 shall commence on the date that the written test results are provided,” and by adding the following language: “The motion for postconviction DNA testing may be filed or considered at any time following the date that the judgment and sentence in the case becomes final.” Because these proposals render the rule consistent with the statute, we adopt the rules committee’s proposed amendments to this rule.
We hereby adopt the amendments to the Florida Rules of Criminal Procedure as set forth in the appendix to this opinion.[5] New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
*516 ANSTEAD, J., concurs specially with an opinion, in which PARIENTE and QUINCE, JJ., concur.

.See Amendments to Fla. Rules of Crim. Pro. 3.170 & 3.172, 938 So.2d 978 (Fla.2006); Amendments to Fla. Rules of Crim. Pro. 3.853(d), 938 So.2d 977 (Fla.2006); Amendments to Fla. Rules of Crim. Pro. 3.853(d)(1)(A), 884 So.2d 934 (Fla.2004); Amendments to Fla. Rules of Crim. Pro. 3.853(d)(1)(A), 857 So.2d 190 (Fla.2003); Amendment to Fla. Rules of Crim. Pro. Creating Rule 3.853, 807 So.2d 633 (Fla.2001).

. Comments have been filed by the rules committee, the Florida Association of Criminal Defense Lawyers (FACDL), and the Florida Public Defenders Association (FPDA).

. FACDL agrees with the Court’s emergency amendments, and FPDA objects to the emergency amendments on various grounds.

. See Amendments II, 938 So.2d at 979 (An-stead, J., specially concurring) ("I would require that the trial court actually make a finding as to the existence of DNA evidence during the plea proceedings.”).

. In addition to the changes discussed above, there are also several additional amendments — to render the rules consistent with the Act in other regards and to correct grammar and syntax — as reflected in the appendix.