PER CURIAM.
This case is before the Court on an emergency petition for the issuance of a constitutional writ, filed by the League of Women Voters of Florida, Common Cause, and eleven individually named parties, who are all plaintiffs in an ongoing lawsuit challenging the constitutional validity of the 2012 plan apportioning Florida’s congressional districts under the “Fair Districts Amendments” approved by Florida voters in 2010 to prohibit improper partisan and discriminatory intent in redistricting. See art. Ill, § 20(a), Fla. Const. The Respondents — political consulting organization Data Targeting, Inc., its president, and two company employees — are non-parties to the litigation that possess documents that the Petitioners contend demonstrate “the surreptitious participation of partisan operatives in the apportionment process,” in alleged violation of the Fair Districts Amendments to the Florida Constitution.
In consideration of the parties’ arguments, this Court’s case law, and the importance and statewide significance of this case, and for the reasons that follow, we grant the petition. Pursuant to our constitutional authority to issue “all writs necessary to the complete exercise of [our] jurisdiction,” art. V, § 3(b)(7), Fla. Const., we stay the enforcement of the First District Court of Appeal’s order that reversed the circuit court and prevented the disclosure or use of the documents at trial.
Based on the narrow and specific relief requested in the emergency petition, we determine that the circuit court is not precluded from admitting the documents into evidence, subject to a proper showing of relevancy, but that any disclosure or use of the documents must take place under seal in a courtroom closed to the public. We conclude that this is the only adequate, available remedy to maintain the status quo during the trial that is current *512 ly ongoing, and that there is a strong likelihood of irreparable harm to the Petitioners if the trial is conducted without the ability to offer this evidence — and no harm to the Respondents if the documents, which have already been produced, are admitted in this manner. In fact, this is similar to the remedy the Respondents themselves originally proposed in the circuit court after producing the documents. See Non-Parties’ Motion to Determine Confidentiality of Court Records at 8, Romo v. Detzner, Nos. 2012-CA-00412 & 2012-CA-00490 (Fla.2d Jud.Cir.Ct. May 12, 2014). However, in granting the petition, we emphasize that this opinion is not a determination that these documents will be permanently under seal or that they are in fact protected by the associational privilege and should be shielded from the public.
BACKGROUND
The issue presented by this emergency petition for extraordinary writ relief concerns certain documents in the possession of non-parties to the redistricting litigation, which are allegedly relevant to the constitutional claims currently being argued in the trial that is taking place in a Leon County circuit court. After the circuit court determined that the challenged documents were not privileged, the Respondents subsequently produced the documents to the trial judge and to counsel and experts for the Petitioners, although the circuit court directed that the documents would remain confidential. See Romo v. Detzner, Nos. 2012-CA-00412 & 2012-CA-00490, Order at 2-3 (Fla.2d Jud. Cir.Ct. May 2, 2014).
The circuit court stated that it would provide further guidance at a later time as to how the documents could be used at trial, see id. at 3, which the court then did in a second order entered two weeks later, in anticipation of the start of the trial the following week. See Romo v. Detzner, Nos. 2012-CA-00412 & 2012-CA-00490 (Fla.2d Jud.Cir.Ct. May 15, 2014). In this order, the circuit court determined that the documents themselves were to remain confidential, even “if offered as an exhibit in witness examination or entered into evidence in the trial of this case,” but that the proceedings “shall remain open” during use of the documents by any party at trial. Id. at 3.
Thereafter, in a short ruling that promised a forthcoming opinion explaining its reasoning in greater detail, the First District reversed the circuit court, stating in full as follows:
The orders of the lower tribunal entered May 2, 2014, and May 15, 2014, are REVERSED to the extent the orders permit any degree of disclosure or use at trial of the constitutionally-protected contents of the privileged and confidential documents that are the subject of those orders. See Perry v. Schwarzenegger, 591 F.3d 1147 (9th Cir. 2010). An opinion of this court explaining its reasoning will follow.
Non-Parties, Pat Bainter, Matt Mitchell v. League of Women Voters of Fla., No. 1D14-2163 (Fla. 1st DCA order filed May 22, 2014) (reversing circuit court).
The case cited by the First District in its order arises from the United States Court of Appeals for the Ninth Circuit and pertains to the First Amendment associational privilege. See id. (citing Perry, 591 F.3d 1147). The First District also denied the Petitioners’ emergency motion to stay its decision during the pendency of the trial. See Nom-Parties, Pat Bainter, Matt Mitchell v. League of Women Voters of Fla., No. 1D14-2163 (Fla. 1st DCA order filed May 22, 2014) (denying emergency request for stay).
*513 The following day, the Petitioners filed the emergency petition now before this Court, seeking to stay the enforcement of the First District’s order precluding the admission of the documents “so that the trial can be completed with this evidence, which has already been disclosed to the parties’ counsel and the trial court, in time for the trial court to fashion meaningful relief before the upcoming 2014 midterm elections.” The petition asserts that these documents are relevant to the Petitioners’ claims as to the unconstitutionality of the 2012 congressional apportionment plan because they allegedly indicate that the non-parties worked with other partisan operatives to submit, through “public front persons,” draft redistricting maps for the Legislature’s consideration. In other words, the Petitioners contend that these documents are important evidence for establishing their claim that there was “a parallel redistricting process” to the open and transparent one, which was “conducted in the shadows” in an effort to “sub-vertí] the public process” and produce a partisan map favoring Republicans and incumbents in violation of the Florida Constitution.
DISCUSSION
Since the passage of the Fair Districts Amendments, this Court has considered their impact and the “more stringent requirements as to apportionment” that they provide in a series of important decisions. In re Senate Joint Resolution of Legislative Apportionment 1176 (Apportionment I), 83 So.3d 597, 598 (Fla.2012); see also In re Senate Joint Resolution of Legislative Apportionment 2-B (Apportionment II), 89 So.3d 872 (Fla.2012); Fla. House of Representatives v. League of Women Voters of Fla. (Apportionment III), 118 So.3d 198 (Fla.2013); League of Women Voters of Fla. v. Fla. House of Representatives (Apportionment IV), 132 So.3d 135 (Fla. 2013). Indeed, in December of last year, this Court addressed a claim of privilege concerning the very types of information implicated by this petition, in a case related to the same ongoing circuit court litigation. See Apportionment IV, 132 So.3d at 140-41.
Specifically, in that case, this Court held that even the significance of a legislative privilege founded on the fundamental principle of separation of powers must yield to the compelling, competing interest in effectuating the constitutional Fair Districts reapportionment standards and “ensuring that the Legislature does not engage in unconstitutional partisan political gerrymandering.” Id. at 148. Our decision in Apportionment LV, as well as our other recent redistricting cases, makes clear that this litigation is unique because it impacts the statewide operation of government and the validity of Florida’s current system of government through the alleged unconstitutionality of the 2012 apportionment plan.
Article V, section 3(b)(7), of the Florida Constitution provides that this Court may issue “all writs necessary to the complete exercise of its jurisdiction.” (Emphasis added.) In Roberts v. Brown, 43 So.3d 673 (Fla.2010), we explained that although the doctrine of all writs is not an independent basis for jurisdiction, this Court may utilize the constitutional all writs provision as a means of “preserving jurisdiction that has already been invoked or protecting jurisdiction that likely will be invoked in the future.” Id. at 677 (emphasis added); see also Petit v. Adams, 211 So.2d 565, 566 (Fla.1968) (providing that this Court may use its all writs authority if necessary to preserve the status quo and protect this Court’s ability to completely exercise jurisdiction at a future time).
We have fully considered the First District’s order, the underlying orders of the *514 circuit court, and the parties’ arguments concerning our jurisdiction. After careful review, we have determined that the First District’s forthcoming decision on this issue is highly likely to construe both the First Amendment of the United States Constitution and the Fair Districts Amendments of the Florida Constitution. Indeed, in reversing the circuit court, the First District relied on a case holding that courts are required to consider the importance of the litigation in evaluating whether information is protected by the associational privilege. See Perry, 591 F.3d at 1161. In this case, this determination is highly likely to require the construction of not only the First Amendment, but also the Fair Districts Amendments and this Court’s decision in Apportionment IV, which repeatedly emphasized the important “public interest in ensuring that the Legislature does not engage in unconstitutional partisan political gerrymandering.” Apportionment IV, 132 So.3d at 148. While we are unable at this time to determine the likelihood that the First District’s forthcoming decision will expressly affect a class of constitutional officers, as argued by the emergency petition, we observe that we previously accepted jurisdiction on this basis regarding a related issue in Apportionment IV. See id. at 142. In addition, given the statewide importance of this litigation and the lack of Florida precedent regarding the associational privilege, we note that the First District may certify a question to this Court in issuing its forthcoming decision, which would undeniably vest us with jurisdiction under article V, section 3(b)(4), of the Florida Constitution.
In order to maintain the status quo during the ongoing trial, preserve this Court’s ability to completely exercise the eventual jurisdiction it is likely to have to review the First District’s decision, and prevent any irreparable harm that might occur if the Petitioners are prevented from using the challenged documents, we conclude that we must grant the petition and stay the enforcement of the First District’s reversal of the circuit court, pending the completion of the trial. See Amends. to Fla. Rules of Crim. P. 3.853(d)(1)(A) (Postconviction DNA Testing), 857 So.2d 190 (Fla.2003) (exercising all writs authority to hold a statute in abeyance while this Court considered its jurisdiction and other matters in order to avoid rendering proceedings moot and precluding this Court, should it determine it had jurisdiction, from the “complete exercise” thereof); cf. Monroe Educ. Ass’n v. Clerk, Dist. Ct. of Appeal, Third Dist., 299 So.2d 1, 3 (Fla.1974) (noting the importance of the Court’s all writs authority with respect to “certain cases [that] present extraordinary circumstances involving great public interest where emergencies and seasonable considerations are involved that require expedition”).
Accordingly, we hereby exercise our discretion under article V, section 3(b)(7), of the Florida Constitution to issue all writs necessary to the complete exercise of our jurisdiction, and stay the enforcement of the First District’s May 22, 2014, order reversing the circuit court’s May 2, 2014, and May 15, 2014, orders, pending the conclusion of the ongoing trial. As specifically requested in the emergency petition, the circuit court is not precluded from admitting the documents into evidence, subject to a proper showing of relevancy, but shall maintain the confidentiality of the documents by permitting any disclosure or use only under seal of the court and in a courtroom closed to the public.
No motion for rehearing will be entertained by the Court. It is so ordered.
PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
*515 LEWIS, J., concurs with an opinion.
POLSTON, C.J., dissents with an opinion in which CANADY, J., concurs.