LEWIS, J.,
concurring.
I concur with the decision to grant the petition, but write separately to explain why the exercise of all writs jurisdiction is appropriate here. If the order of the First District Court of Appeal, which precludes the disclosure or use during trial of documents that were determined by the circuit court to be discoverable with regard to the 2012 redistricting, remains in effect, the trial will proceed without their admission. Such an outcome will frustrate the fact-finding ability of the circuit court to determine whether the 2012 redistricting was conducted in a fair, impartial, and nonpartisan fashion, as required by the Florida Constitution. The First District has, by preventing consideration of these documents during trial, jeopardized the stability and integrity of our governmental'structure and authorized those who interact with the Florida Legislature on a critical matter such as redistricting to operate under a veil of secrecy. This outcome should be most disconcerting to any supporter of our democratic form of government.
The First District stated that it will issue an opinion to provide the rationale for the reversal of the circuit court orders. As previously discussed in the opinion granting the petition, precedent, establishes that we possess the authority under the doctrine of all writs to intervene now and protect the status quo while we determine whether jurisdiction ultimately exists to review the issue presented.[1] The issue is one that impacts the statewide operation of Florida government and is, therefore, one of paramount importance. In Petit v. Adams, 211 So.2d 565 (Fla.1968), when presented with an electoral challenge that impacted Dade County, the Court utilized its all writs authority to maintain the status quo where action by a county canvassing board would have otherwise rendered the proceedings moot:
[I]t is apparent from the disclosures of the petition that it is the intention of the respondents constituting the Dade County -Canvassing Board to erase the counters on all of. said machines beginning at 5 o’clock p.m., Friday, June 7th, unless this Court directs otherwise. The erasure of such counters would render these proceedings moot and would in effect prevent this Court, in the event ■it determines it has jurisdiction, from the complete exercise thereof.
Upon consideration of the matter and pursuant to Article V, Section 4(2) which provides “the Supreme Court may issue all writs necessary or proper to the complete exercise of its jurisdiction,” the respondents in this cause are hereby directed to refrain from in any way erasing the results of said second primary election on any voting machine used therefor in Dade County, Florida until the further order of this Court.
Id. at 566. More recently, this Court utilized the all writs power to preserve physical evidence for DNA testing so that two pending emergency petitions related to the issue could be considered. See Amends, to Fla. Rule of Crim. P. 3.853(d)(1)(A) (Post-conviction DNA Testing), 857 So.2d 190 (Fla.2003). The Court explained:
To allow this Court an opportunity to fully consider the petitions, the deadline of October 1, 2003, set forth in rule 3.853(d)(1)(A), is hereby suspended until further order of this Court. Further, as petitioners point out, operation of the same deadline in section 925.11(l)(b)l., *516 Florida Statutes (2002), may result in the non-preservation of physical evidence for DNA testing under section 925.11(4)(b). Because such a result would render these proceedings moot and in effect preclude this Court, should it determine it has jurisdiction, from the “complete exercise” thereof, the deadline in section 925.11(l)(b)l. is hereby held in abeyance while this Court considers its jurisdiction and other matters before it. See art. V, § 8(b)(7), Fla. Const. By our actions herein, we express no opinion on the merits of the underlying petitions. Accordingly, by operation of the terms of the statute, the evidence described in section 925.11(4)(a) “shall be maintained for at least the period of time” controlled by the abeyance. No other provision of the rule or statute is affected by this order.
Id. at 190.
While the use of all writs in this manner occurs in only the most urgent of situations, I cannot think of a situation more urgent than precluding the disclosure and use of documents during trial to potentially demonstrate that our entire legislative structure is a fagade and was not redistricted in compliance with the Florida Constitution. Moreover, if the trial proceeds in accordance with the order of the First District, this issue will become moot due to the time sensitive nature of the proceedings, and there will be no adequate remedy to correct a possible manifest injustice. Therefore, utilization of the doctrine of all writs to preserve the status quo is unquestionably within the parameters of our authority. See id. at 190; Petit, 211 So.2d at 566. This is the only way the validity and operation of our democratic system of government in Florida — and public faith in that system — can be protected.
Accordingly, I wholeheartedly concur with the decision of the majority to grant the petition.

. Indeed, the opinion granting the petition demonstrates it is highly likely that this Court will have jurisdiction to review the forthcom-mg opinion by the district court. See majority op. at 513-14.