PADOVANO, J.
This is an appeal from a final judgment of the circuit court declaring parts of the Florida Legislature’s 2012 congressional redistricting plan unconstitutional and approving as a remedy a subsequent redistricting plan adopted by the Legislature in a special session.- For the reasons that follow, we certify the judgment for direct review by the Florida^ Supreme Court.
Article V, section 3(b)(5) of the Florida Constitution provides that the supreme court “[m]ay review any order or judgment of a trial court, certified by the district court of appeal in which an appeal is pending to be of great public importance, or to have a great effect on the proper administration of justice throughout, the state, and certified to require immediate resolution by the supreme court.” See also Crist v. Ervin, 56 So.3d 745 (Fla.2010); Scott v. Williams, 107 So.3d 379 (Fla.2013). This grant of judicial power is implemented by Rule 9.125 of the Florida Rules of Appellate Procedure, see Harris v. Coalition to Reduce Class Size, 824 So.2d 245 (Fla. 1st DCA 2002) (summarizing the requirements of article v. section. 3(b)(5) and Rule 9.125), and it is often referred to as “pass-through jurisdiction.” See, e.g., Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
The plaintiffs appealed the final judgment in this case to the extent that it was. unfavorable to them and they now suggest that the appeal be certified for direct review by the supreme court. The defendants object to- the request for certification. There is no dispute between the parties that the issue presented in the appeal is one of great public importance. Nor could there be. any reasonable argument about the importance of the case. See League of Women Voters of Fla. v. Data Targeting, Inc,, 140 So.3d 510, 511, 514 (Fla.2014) (granting a constitutional stay writ as to,an earlier order in this case on the ground that the case is one of great public importance). Rather the controversy arising from the suggestion for certification centers on the immediacy requirement of article v, section 3(b)(5).
-When the complaint was filed in the circuit court, the plaintiffs sought a remedy that would be implemented before the 2014 general election; However, the time consumed by the litigation itself made that impossible. As it; stands now, the remedy afforded by the final judgment will not go into effect until the election in 2016. The dispute we must resolve now is whether the issue presented by this appeal is one that requires an immediate resolution by the supreme court, given the delay in the implementation of the remedy.
The plaintiffs acknowledge that the 2016 election is approximately two -years away but they contend'that this case presents complex factual and legal issues and that it will require a statistical analysis not previously undertaken by an appellate court. They argue that if this court were-to entertain the appeal on the merits, there would not be enough time for the Florida Supreme Court to give the case the attention it requires. In response, the defendants argue that there is no urgent need for a,-resolution. They point out that, the cases in which , courts have employed the pass-through procedure all presented a *8 need for resolution within a matter of weeks or months. This case, they maintain, is not in the same class, because a resolution is not required for another two years.
Both sides have made good points on the immediacy issue, but'we conclude that the plaintiffs have the better argument. The time needed in the trial court to consider the validity of the districts as they were originally drawn and then to review them again as they were redrawn in the special session has already caused a delay of two years in the implementation of the remedy.' If the history of this case is a guide, there’ may not be sufficient time for intermediate appellate review. To allow the appellate process to take its full course through the completion of review by this court followed by possible en banc review, could potentially put the supreme court in the position of having to delay the remedy yet again.
In this cáse, any doubts about the need for immediate review by the supreme court should be resolved in'favor of certification. ' This court has already certified a prior order in this case for review by the supreme court. ' ' See Non-Parties v. League of Women Voters of Fla., 150So.3d 221, 225, (Fla. 1st DCA June 19, 2014) (en banc). That order was appealed by third parties who were objecting to the disclosure of certain records, but it also involved the propriety of admitting evidence in the. suit between the parties in this appeal. If we were to deny the suggestion for certification in this case we would be putting the. supreme court in the position of reviewing an interlocutory ■ order while the appeal from the. final order is pending in this-court. ; •
It makes better sense to keep the appeals together and to certify the final judgment -for direct review by the supreme court so that the entire case can be decided by that court. This disposition serves the interests of ' judicial economy . and avoids the time and expense of piecemeal litigation. We do not suggest that practical considerations such as these can override the constitutional requirements' for certification. But neither do we consider these concerns to be immaterial. The decision to certify this appeal must not be made in isolation but rather in light of all of the facts and circumstances of the case.
In summary, we grant the plaintiffs’ suggestion for certification and certify the judgment of the trial court for direct review by the supreme court under the provisions of Article V, section 3(b)(5) of the Florida Constitution and Rule 9.125 of the Florida Rules of Appellate Procedure.
MARSTILLER, J., concurs; MAKAR, J., dissents with opinion.